Patrick S. Mielo, Esq. Informal Opinion No. 99-14 Village Attorney Village of Farmingdale P. O. Box 220 Farmingdale, New York 11735
Dear Mr. Mielo:
You have asked whether a conflict of interests exists when the Village Clerk-Treasurer owns a building and rents to a tenant who has applied to the United States Department of Housing and Urban Development ("HUD") for housing assistance through a Village program. You state that the circumstances underlying your inquiry are similar to those discussed in Op Atty Gen No. 92-15, where we concluded that there was no conflict of interests when the village had contracted with a community action agency to administer the housing program and tenants of a building owned by the mayor's spouse applied for HUD funds.
Your Village Clerk-Treasurer has described the HUD funding mechanism in the Village as follows: the Village is a public housing authority under annual contract with HUD. The Village in turn has contracted with the Nassau County Office of Housing Intergovernmental Affairs ("County Office") to administer housing programs funded through HUD. The County Office is responsible for reviewing the eligibility of applicants for aid under Federal regulations. Once the application of a tenant within the Village is approved, HUD pays rent subsidy money to the County Office, which holds the money in a separate account for the Village. The County Office then pays the money directly from the Village's account to the landlord. The Village has no role in selecting applicants or determining who receives money.
In our prior opinion, we concluded that there appeared to be no conflict of interests under State law when the tenants of the mayor's spouse received HUD funds because the mayor had no role in determining who received funds under the housing program. The mayor did not take applications for program participation or review applicants to determine their eligibility. We concluded that this arrangement did not appear to violate article 18 of the General Municipal Law, but also recommended that the Village Attorney review the local code of ethics to determine whether the situation was consistent with the standards found in the code. Op Atty Gen No. 92-15.
The same rationale should apply here. The Village Clerk-Treasurer does not accept applications for HUD funding or determine which applicants are eligible. The Clerk-Treasurer, therefore, is not in a position to influence the award of HUD money to his tenants. Rent subsidy money will be paid to him by the County Office only if that office determines that all Federal requirements are met. The Clerk-Treasurer also does not have the authority to enter into contracts on behalf of the Village, so there appears to be no opportunity for him to influence the selection of the agency that administers the HUD program for the Village. As in our prior opinion, we suggest that you review the Village's local code of ethics to determine whether the tenant's application for HUD funding is consistent with the standards found in the code. See, General Municipal Law §806.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Attorney General